UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DUNMORE HOMES, LLC; DUNMORE
LAGUNA RESERVE, LLC; and
PREMIER INDEMNITY COMPANY,
INC.

                Plaintiffs,

      v.

NORTHERN AMERICAN CAPACITY
INSURANCE COMPANY,

              Defendant.

No. 2:14-cv-02132-TLN-AC

**ORDER**

The matter is before the Court on Defendant North American Capacity Insurance Company's ("Defendant") motion for judgment on the pleadings relative to Counts Two and Three in the complaint brought by Plaintiffs Dunmore Homes, LLC ("DH"), Dunmore Laguna Reserve, LLC ("DLR"), and Premier Indemnity Company, Inc. ("Premier") (collectively "Plaintiffs"). (ECF Nos. 11 & 1.) Defendant's motion also seeks to dismiss the complaint on the grounds that the amount in controversy required for diversity jurisdiction is not adequately pled. Because this Court's jurisdiction is the threshold issue, the Court will initially address that issue. The Court grants Defendant's motion for lack of subject matter jurisdiction, and therefore dismisses the complaint with leave to amend. Because Plaintiff does not establish subject matter jurisdiction, the Court does not rule on Defendant's motion relative to Counts Two and Three.

## I. Factual Background

Premier was incorporated in Hawaii on September 1, 2004.  Premier is an insurance company "owned by the trust of a principal in DH, which was the managing member of DLR." (Compl. ¶ 9.)  Premier was fully funded through payments by DH during its operation, including Premier's activities in defending DH and DLR.  No other entities or individuals have funded Premier.  Premier does not insure non-DH or non-DLR related entities or individuals.  (Compl. ¶ 9.)

DH filed a Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of California on November 8, 2007.  On September 11, 2008, a liquidation plan was confirmed by the Bankruptcy Court, resulting in the liquidation of all of DH's assets for the benefit of its creditors.  Following the liquidation, the bankruptcy was closed on August 12, 2013. (Compl. ¶ 10.)

A series of homebuyers sued DH and DLR in the action entitled *Adsuara, et al. v. Dunmore Homes, LLC, et al.,* Sacramento County Superior Court Case No. 34-2011-00112N08 (the "*Adsuara* action") on October 12, 2011.  The *Adsuara* action alleged damages to property covered under NAC's policies.  DH and DLR tendered the *Adsuara* action to NAC.  NAC declined coverage.  (Compl. ¶¶ 11–13.)

Because NAC did not pay for the defense of DH and DLR in the *Adsuara* action, Premier has paid for all defense fees and costs incurred as a result of that action.  Those monies were provided to Premier by DH prior to the *Adsuara* action being filed.  NAC has been advised of the payments made by Premier relating to the defense but has maintained its declaration of coverage. (Compl. ¶ 14.)

Based on the inaction of NAC, Premier has incurred in excess of $31,154.35 in unreimbursed attorney's fees and costs to defend the *Adsuara* action.  (Compl. ¶ 15.)

## II. Procedural History

Pursuant to these allegations, Plaintiffs filed the complaint on September 15, 2014.  (ECF No. 1.)  The complaint states six causes of action: 1) declaratory relief regarding NAC's obligation to defend and indemnify DH and DLR; 2) breach of contract by NAC in failing to

2

1   defend and/or indemnify DH and DLR; 3) breach of the duty of good faith and fair dealing,

2   relative to NAC's dealings with DH and DLR; 4) violations of Cal. Bus. & Prof. Code § 17200;

3   5) equitable contribution, relative to Premier; and 6) equitable indemnity, relative to Premier.

4           On March 18, 2015, Defendant filed a motion for judgment on the pleadings, as to

5   Plaintiffs' second and third causes of action; that same motion seeks to dismiss the complaint in

6   full for lack of subject matter jurisdiction.  (ECF No. 11.)  On April 9, 2015, Plaintiffs filed an

7   opposition.  (ECF No. 12.)  On April 16, 2015, Defendant filed a reply.[1]  (ECF No. 13.)

8   **III.  Analysis**

9           Because subject matter jurisdiction is a threshold issue, the Court addresses Defendant's

10  motion as to this issue first.  Plaintiffs aver that jurisdiction is proper on diversity grounds, 28

11  U.S.C. § 1332.  Diversity jurisdiction requires that the opposing parties be citizens of different

12  states, which is not contested here; Plaintiffs are citizens of California or Hawaii and Defendant is

13  a citizen of New Hampshire.  Diversity jurisdiction also requires that the amount in controversy

14  exceed $75,000.  Defendant seeks to dismiss the complaint because the amount in controversy

15  requirement cannot be met.  The Court construes this as a motion under Fed. R. Civ. P. 12(b)(1).

16          Plaintiffs, in their opposition, have not responded to Defendant's argument that the

17  jurisdictional amount is not adequately pled.  It is Plaintiffs' burden to properly plead the required

18  amount in controversy.  *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178,

19  182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts,

20  according to the nature of the case"); *Ridder Bros. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944)

21  ("In the face of an appropriate objection on the part of defendant, the showing as to 'amount in

22  controversy' cannot be supplied by an allegation in the complaint that the general subject of the

23  Litigation is of a value equal to the required minimum"); *Scherer v. Equitable Life Assurance*

24  *Society of U.S.,* 347 F.3d 394, 397 (2d Cir. 2003) ("A party invoking the jurisdiction of the

25  federal court has the burden of proving that it appears to a 'reasonable probability' that the claim

26  is in excess of the statutory jurisdictional amount").  However, as a point of comparison, a

27  defendant's high burden to show jurisdiction upon removal from state court, is not present on

28  _____
[1] Defendant has also counterclaimed in this action.  (ECF No. 7.)

plaintiff's part when the action is originally filed in federal court.  As stated in *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–290 (1938)):

> [I]n cases brought in the federal court ... [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal.... A different situation is presented in the case of a suit instituted in a state court and thence removed.  There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.

*See also Scherer*, 347 F.3d at 397 (holding that the party opposing jurisdiction must show "to a legal certainty" that the amount sought is below the jurisdictional minimum).  Additionally, "[w]here the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Defendant's basis for dismissal is in part contingent upon the success of its arguments as to judgment on the pleadings for Counts Two and Three.  The crux of those arguments – and the main subject of the parties' briefing – concerns the insurance arrangement among Plaintiffs. Defendant points out that Premier insures DH and DLR, and has defended them in the *Adsuara* action; therefore, Defendant argues DH and DLR cannot seek breach of contract or bad faith damages because they have already been made whole by Premier.  *See e.g. Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.*, 130 Cal. App. 4th 1078, 1089–90 (2005). Accordingly those amounts would not count for jurisdictional purposes.  Plaintiffs seek to clarify that Premier, because it is fully funded by DH, is a captive insurer and/or DH and DLR engage in some form of self-insurance.  Plaintiffs argue that DH and DLR have not shifted any risk due to their insurance arrangement with Premier, and therefore they are entitled to benefits owed under their policy with Defendant.  *See e.g. Clougherty Packing Co. v. C.I.R.*, 811 F.2d 1297 (9th Cir. 1987) (discussing generally captive insurers, self-insurance, and risk-shifting).  The Court does not reach the merits of these arguments, but for the purposes of the instant motion – in which the only issue is the jurisdictional amount – the Court will assume *arguendo* that Plaintiffs may claim

4

1  damages due to breach of contract and breach of the duty to deal in good faith.

2  Defendant also argues that some of the damages sought in the third cause of action are not

3  pled with sufficient particularity.  In total, the third cause of action states the following damages

4  were suffered: the fees and costs of prosecuting the instant action; the fees and costs in defending

5  the *Adsuara* action; the out-of-pocket costs incurred in connection with the defense of the

6  *Adsuara* action; attorney's fees in obtaining benefits under Defendant's policies; and other

7  consequential damages.  (Compl. ¶ 33.)

8  Defendant also argues that Plaintiffs are not entitled to *Brandt* fees.  *See Essex Ins. Co. v.*

9  *Five Star Dye House, Inc.*, 38 Cal. 4th 1252, 1258 (2006) (referencing *Brandt v. Superior Court*,

10  37 Cal. 3d 813 (1985)) ("In a tort action for wrongful denial of policy benefits, *Brandt* allows the

11  insured to recover as tort damages only the attorney fees incurred to obtain the policy benefits

12  wrongfully denied … But attorney fees expended to obtain damages exceeding the policy limit or

13  to recover other types of damages are not recoverable as *Brandt* fees").

14  Defendant also argues that DH and DLR are not entitled to punitive damages for the

15  second and third causes of action, because they are not entitled to compensatory damages under

16  their policy with Defendant.  *See e.g. Kizer v. County of San Mateo*, 53 Cal. 3d 139, 147 (1991)

17  ("In California, as at common law, actual damages are an absolute predicate for an award of

18  exemplary or punitive damages").

19  Defendant also argues that attorney's fees are not recoverable for the fourth cause of

20  action, which states violations under Cal. Bus. and Prof. Code §17200.  The essence of this

21  argument, beyond the captive insurer / self-insurance dispute noted above, is that "[u]nless

22  authorized by either statute or agreement, attorney's fees ordinarily are not recoverable as costs."

23  *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 127 (1979).  Defendant submits that the

24  statutes, Cal. Civ. Code §§ 1427 and 1428, stated in the fourth cause of action as predicates for a

25  § 17200 claim, do not specifically provide for the recovery of attorney's fees.

26  In short, Defendant argues that the damages identified relative to each of the foregoing

27  arguments cannot count for the jurisdictional amount.  The Court need not delve too deeply into

28  the merits of these arguments, however, because even assuming arguendo that these arguments

5

would not prevail, the Court must agree that Plaintiffs have not pled adequate facts to establish the jurisdictional amount.

As an initial matter, the complaint avers that Premier is entitled to repayment from Defendant for any settlement and/or judgment obtained against DH and DLR in the *Adsuara* action.  (Compl. ¶ 49.)  However, Plaintiffs offer no detail on the possibility that the *Adsuara* action will result in settlement and/or judgment in excess of $75,000.  Plaintiffs offer no details whatsoever regarding the *Adsuara* action.

The most consistent allegation stated in both the complaint and Plaintiff's opposition is that Premier has incurred costs and fees in litigating the *Adsuara* action.  Those fees are stated to be in excess of $31,154.35.  (Compl. ¶ 15.)  Accepting for the moment that the full $31,154.35 should go toward the amount in controversy, the amount in controversy has not been met.

The Court is left with a motley of damages requests stated throughout the six causes of action, including the fees and costs of prosecuting the instant action; the fees and costs in defending the *Adsuara* action; the out-of-pocket costs incurred in connection with the defense of the *Adsuara* action; attorney's fees in obtaining benefits under Defendant's policies; attorney's fees under Cal. Civ. Code § 1021.5; other consequential damages; punitive damages; and interest.  While this is a long list, Plaintiffs offer no detail on how these damages would bring the amount in controversy to over $75,000.

Therefore, the Court is left with a specific amount of slightly over $31,000 in fees and costs so far incurred, an unsupported claim that the *Adsuara* action could result in settlement and/or judgment expenses leading to repayment by Defendant, and an unsupported request for other fees, costs, and punitive and consequential damages.  "In the face of an appropriate objection on the part of defendant, the showing as to 'amount in controversy' cannot be supplied by an allegation in the complaint that the general subject of the Litigation is of a value equal to the required minimum."  *Ridder Bros.*, 142 F.2d at 399.  With no other facts alleged, including details about the *Adsuara* action, and no response specifically to Defendant's objections regarding the amount in controversy, Plaintiffs do not meet their burden of showing diversity jurisdiction is present.

**IV.  Conclusion**

Defendant's motion for judgment on the pleadings (ECF No. 11), to the extent it seeks dismissal of this action for lack of subject matter jurisdiction, is GRANTED.

Because jurisdiction has not been established, the Court makes no ruling on Defendant's motion for judgment on the pleadings as to Counts Two and Three in the complaint.

Plaintiff may file and serve an amended complaint within 21 days of entry of this order.[2]

Dated: January 25, 2016

Troy L. Nunley
United States District Judge

---

[2] The Court has considered the parties' briefing on Defendant's motion for judgment as to Counts Two and Three. Going forward, should this Court's jurisdiction be established and should Defendant move under Rule 12(c) on the same grounds, the Court will issue a ruling shortly after briefing is completed.

7